399 S.E.2d 180

## MABSCOTT VOLUNTEER FIRE DEPARTMENT, INC., a Corporation

v.

## Wayne HOUCK, Mayor; Kelly Blankenship, Roy Davis, Grover Smith, Victor Lowen, and Jesse Farley, Council Members; and Charles Thomson, Police Chief of the Town of Mabscott, and The Town of Mabscott, a Municipal Corporation.

No. 19366.

Supreme Court of Appeals of West Virginia.

Nov. 9, 1990.

---

Truman Sayre, Jr., Sayre & Sayre, Beckley, for Wayne Houck and Kelly Blankenship, et al.

Warren A. Thornhill, III, Beckley, for Mabscott Volunteer Fire Dept.

BROTHERTON, Justice:

This proceeding involves an appeal by the Town of Mabscott from the January 12, 1989, order of the Circuit Court of Raleigh County which denied the appellant's motion for a directed verdict, a new trial, and a motion to reconsider, clarify, and modify the verdict.

The suit below was initiated by the Mabscott Volunteer Fire Department (MVFD) after the governing body of the Town of Mabscott attempted to dissolve the MVFD and appoint a new volunteer fire department. The attempted dissolution followed a clash between the Mabscott Volunteer Fire Chief and the Mayor of the Town of Mabscott over the Mayor attempting to direct the actions of the fire fighters. The

original fire department objected to the dissolution and filed suit in Raleigh County. Thereafter, the Raleigh County Circuit Court enjoined the governing body of the Town of Mabscott from dissolving the old fire department and creating a new Mabscott Volunteer Fire Department.

Following the altercation mentioned above, the Fire Chief was orally dismissed by the Mayor on November 13, 1987.[1] On December 1, 1987, the MVFD amended its charter to provide that the regulation of the internal affairs of the MVFD was controlled by the by-laws. Specifically, they amended an allegedly ambiguous provision of the charter:

> Provisions for the regulation of the internal affairs of the corporation are: State Laws, Ordinance of the Town of Mabscott, Mayor and Common Council of the Town of Mabscott, and Rules and Regulations made by the Corporation Board of Directors.

The amended charter provision stated that "[p]rovisions for the regulation of the internal affairs of this corporation are: as set forth in the Bylaws of the corporation."

The 1980 by-laws provided that "[n]o by-laws may be enacted which would be in conflict with the agreement between the Common Council of the Town of Mabscott and the Mabscott Volunteer Fire Department." Specifically, the amendment to the by-laws deleted the necessity for an agreement between the governing body of the Town of Mabscott and the MVFD. It also specifically provided that the fire chief shall be elected by the membership.

Thereafter, in January, 1988, the MVFD filed this suit for a declaratory judgment. During a trial to the bench, the court denied the Town of Mabscott's motion for a directed verdict on several issues, including whether the amendments to the MVFD's charter and by-laws were void.[2] A secondary issue questioned whether the governing body could discipline the firemen in

---

**1.** The dismissal was affirmed by the governing body of the Town on January 14, 1988.

**2.** At trial, evidence was presented that the Town of Mabscott pays the wages of the volunteer firemen on a hourly rate, with the exception of the fire chief, assistant fire chief, and deputy

fire chief, who are paid monthly. The Town also provides and maintains the fire station, including all utilities, and the equipment. The Town pays the firemen's disability, liability insurance premiums, and workers' compensation premiums.

matters concerning fire protection. The circuit court held for the MVFD and thereafter denied the Town of Mabscott's motion to reconsider, clarify, and modify the issues that were the subject of the motion for a directed verdict. Finally, the Circuit Court of Raleigh County also denied the petitioner's motion for a new trial. This proceeding is the Town of Mabscott's appeal from that final order.

On appeal, the Town of Mabscott argues that, as a result of the circuit court's denial of their motion for a directed verdict, the MVFD has infringed upon the Town's authority and responsibility for fire protection. The MVFD counters that their actions in amending the charter and by-laws were within their rights under the West Virginia Code and that the judgment of the Raleigh County Circuit Court was correct.

■ The issue in this case is a simple one—who has control of the volunteer fire department. The MVFD believes the Mayor improperly interfered in its internal affairs. The Mayor, on the other hand, feels that it is his position and responsibility to control the MVFD, since the Town provides not only salaries, but the station, the equipment and its upkeep as well. The Town of Mabscott states that it is their responsibility under the Code to direct the activities of the MVFD. The Town contends that, while they are responsible for the actions of the MVFD, the MVFD's new charter deletes any authority that the Town might have over the volunteer fire department.

West Virginia Code § 8–15–1 (1990) establishes the authority necessary for a governing body to provide for the fighting of fires.

The governing body of every municipality shall have *plenary power and authority to* provide for the prevention and extinguishment of fires, and, for this purpose, it may, among other things, regulate how buildings shall be constructed, procure proper engines and implements, provide for the organization, equipment and government of volunteer fire companies or of a paid fire department, prescribe the powers and duties of such companies or department and of the several officers, provide for the appointment of officers to have command of fire fighting, prescribe what their powers and duties shall be, and impose on those who fail or refuse to obey any lawful command of such officers any penalty which the governing body is authorized by law to impose for the violation of an ordinance.[3] (Emphasis added.)

West Virginia Code § 8–15–4 states that the members of the fire company shall make rules and regulations consistent with State and municipal law. It is undisputed that a volunteer fire department is subject to the authority of the governing body. W.Va.Code § 8–15–4.[4] The governing body has been defined as the mayor and town council combined. W.Va.Code § 8–1–2(b)(1). As this Court noted in *Shepherdstown V.F.D. v. State ex rel. State of W.Va. Human Rights Commission,* 172 W.Va. 627, 634, 309 S.E.2d 342, 349 (1983), W.Va. Code § 18–15–1 grants the governing body plenary power and authority to provide for the government of a volunteer fire department, prescribe the powers and duties of the department and its officers, and provide for the appointment of the officers in command of the company.[5] Thus, the Town of Mabscott has the authority to appoint the commanding officers, including the fire chief, and control the general af-

3. West Virginia Code § 8–15–3 provides that any municipality shall have plenary power and authority to contract to render services in the prevention and extinguishment of fires upon property located within three miles of its corporate limits.

4. The method by which a fire company is dissolved is set out in W.Va.Code § 8–15–6, which provides that a volunteer fire company can be dissolved "[w]henever the governing body shall ascertain that such company has failed for three months successively, to consist of twenty effective members, or shall ascertain that it has

failed for a like period of time to have and keep in good, serviceable condition an engine, hose, or other proper equipment, such governing body shall declare such failure and by order dissolve the company." West Virginia Code § 8–15–7 provides for the incorporation of volunteer fire companies.

5. We note that W.Va.Code § 8–15–4 provides that the company shall elect its officers, "including a commander." In the face of such conflicting sections, we believe that since W.Va.Code § 8–15–1 grants the Town plenary power over

fairs of the volunteer fire department, such as the selection and upkeep of equipment used and the wages paid to the volunteer firemen. The Town cannot be expected to relinquish control over a department that is maintained at its expense.

By contrast to the volunteer department, a paid fire department is subject to the "authority, *control* and *discipline* of the administrative authority." [6] W.Va.Code § 8–15–9 (emphasis added). While a volunteer fire department is subject only to the "authority" of the administrative body, a paid department is subject to the "control and discipline" as well.[7] Thus, by omission, a volunteer fire department is subject only to the "authority" of the town and not to its "control and discipline."

However, while the Town has ultimate control over the volunteer fire department, the Town cannot dictate the day-to-day operations of the department, including who drives the fire truck, nor interfere in the disciplining of the fire fighters.[8] Such interference would only undermine the authority of the fire chief and disrupt efficient fire fighting. Lest the Town feel cheated by this dictate, we remind them that if they chose well in selecting the fire chief, then there should be no cause to worry over its inability to chastise errant fire fighters.

In the action below, the Raleigh County Circuit Court enjoined the Town from dissolving the MVFD. Conflict exists between the two parties as to whether Mabscott had twenty members in the MVFD and thus, was properly dissolvable. This

Court could find no evidence in the record that the Raleigh County Circuit Court determined the propriety of the dissolution. Accordingly, the injunction shall be dissolved and the court shall determine whether the dissolution is correct based upon W.Va.Code § 8–15–6.

We find the MVFD exceeded its authority in amending its charter and by-laws to delete any authority of the Town over the MVFD. As a creature of statute, the MVFD cannot change what the Legislature requires by law. Therefore, we reverse the final order of the Raleigh County Circuit Court and remand the case for actions consistent with this opinion.

Reversed and remanded.

---

the volunteer fire department, the Town's right to appoint the commanding officers must take precedence over that of the department itself. Only where the governing body fails to exercise their right of appointment can the volunteer department elect their commanders. The volunteer department does have the right under W.Va.Code § 8–15–4 to elect all officers not in a command position.

6. Administrative authority is defined as the "officer, commission or person responsible for the conduct and management of the affairs of the municipality in accordance with the charter, general law and the ordinances, resolutions and orders of the governing body thereof...." W.Va.Code § 8–1–2(b)(6).

7. West Virginia Code § 8–15–9 provides that a *paid* fire department is subject "to the authority,

control and discipline of the administrative authority." A paid fire department means a municipal fire department maintained and paid for out of public funds and whose employees are paid on a full time basis out of public funds. The present case involves hourly wages, and thus, is a volunteer department. West Virginia Code § 8–1–2(b)(6) defines administrative authority as the officer, commission or person responsible for the conduct and management of the affairs of the municipality.

8. The Attorney General previously stated that a municipality is limited in its control of a volunteer fire department to those matters which concern fire protection and service. 47 Op.Attorney General 76 (1956).