628 S.E.2d 98

**WEIRTON HEIGHTS VOLUNTEER FIRE DEPARTMENT, INC., and WEIRTON VOLUNTEER FIRE DEPARTMENT COMPANY NO. 1, INC., Appellants,**

v.

**STATE FIRE COMMISSION, Appellee.**

No. 32721.

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 2, 2005.

Decided Nov. 17, 2005.

Concurring Opinion of Justice
Davis Dec. 6, 2005.

Leah L. Roth, Louis C. Long, Meyer Darragh, Buckler, Bebenek & Eck, P.L.L.C., Pittsburgh, PA, for Appellants.

Darrell V. McGraw, Jr., Attorney General, Doren Burrell, Senior Assistant Attorney General, Charleston, for Appellee.

BENJAMIN, Justice:

Appellants have appealed the September 14, 2004 Order of the Circuit Court of Hancock County which affirmed, in part, and reversed, in part, the December 13, 2002 decision of the State Fire Commission to withdraw recognition of Appellants as fire departments having the powers granted in Article 3A, Chapter 29 of the West Virginia Code. Appellants argue that the circuit court erred in affirming the action of the State Fire Commission because the State Fire Commission lacked authority to withdraw such recognition. As set forth more fully below, we agree and reverse both the September 14, 2004 Order of the Circuit Court of Hancock County and the December 13, 2002 decision of the State Fire Commission.

## I.

### FACTS AND PROCEDURAL HISTORY

Appellants Weirton Heights Volunteer Fire Department and Weirton Volunteer Fire Department Company No. 1, Inc. are volunteer fire departments incorporated in 1942 and 1930, respectively. Their primary zones for fire fighting were in the City of Weirton, although they also fought fires outside the Weirton city limits in both Brooke and Hancock Counties. On May 13, 2002, Weirton City Council passed a resolution to re-organize fire service in the city and create a single combination fire department, consisting of both paid and volunteer fire fighters. Appellants were given the option of joining the combined department, but refused.

Thereafter, Appellants filed a declaratory judgment action in the Circuit Court of Hancock County to determine the validity of the May 13, 2002 resolution, among other issues. By Order dated September 9, 2002, the circuit court, relying upon this Court's decision in *Mabscott Volunteer Fire Dept., Inc. v. Houck,* 184 W.Va. 37, 399 S.E.2d 180 (1990), ruled that the City of Weirton has plenary authority over fire fighting activities in its city limits, including the determination of how fire protection services will be provided.[1] Thus, the resolution was valid. However, the circuit court also ruled that because the volunteer fire departments had not been dissolved and there was no evidence that the statutory dissolution criteria[2] had been met, the volunteer fire departments' equipment was to remain with them "unless or until dissolved." The circuit court, in the September 9, 2002 Order, permitted and encouraged the volunteer fire departments to continue their demonstrated practice of fighting fires outside of the City limits, noting their articles of incorporation did not limit their scope to fighting fires within the city limits. However, the volunteer departments were prohibited from responding to fires in the City of Weirton absent a request from the City to do so. The September 9, 2002 Order was not appealed to this Court.

After entry of the circuit court's September 9, 2002 Order, the City, through former Mayor Dean Harris, sought to have the State Fire Commission withdraw Weirton Heights' and Company No. 1's certification (or recognition).[3] At the State Fire Com-

---

**1.** Our decision in *Mabscott Volunteer Fire Department,* relied significantly upon W. Va.Code § 8–15–1 (1969), which provides, in pertinent part:
"The governing body of every municipality shall have plenary power and authority for the prevention and extinguishment of fires, and, for this purpose, it may, among other things ... provide for the organization, equipment and government of volunteer fire companies or of a paid fire department[.]"

**2.** W. Va.Code § 8–15–6 (1971) governs the dissolution of volunteer fire departments and provides:

Whenever the governing body shall ascertain that such company has failed, for three months successively, to consist of twenty effective members, or shall ascertain that it has failed for a like period of time to have and keep in good, serviceable condition an engine, hose or other proper equipment, such governing body shall declare such failure and by order dissolve the company.

**3.** The terms certification and recognition have been used interchangeably by the parties throughout the relevant proceedings. Although, the relevant statutes refer to certification, *see*

mission's October 4, 2002 meeting, various persons, including Mayor Harris, Appellant's counsel, and representatives of the Appellants, among others, spoke regarding the propriety of withdrawing Appellants' certification. Appellants' counsel argued the State Fire Commission, although statutorily authorized and required to enact a method of certification,[4] had failed to do so and, thus, had no authority or criteria by which to withdraw certification. After hearing the positions of the various speakers, the State Fire Marshall recommended that "recognition" be revoked due to the lack of a first response zone or "first run zone"[5] and that the Appellants be required to return their emergency vehicle permits. He also noted that the volunteer fire departments would be required to apply for new fire department status in another area if they intended to continue responding to fires.

Upon hearing the State Fire Marshall's recommendation, the Fire Commission gave Appellants until its December 13th meeting to complete all phases of relocation, including the establishment of a new first run zone and approval of the same by the State Fire Marshall. At the December 13th meeting, Appellants, together with the Hancock County Commission, presented proposed maps of a new first run zone which would potentially take portions of first response areas away from other volunteer departments operating in Hancock County.[6] They asked for additional time to finalize the maps and work on mutual aid agreements with the other volunteer departments in the county. This request was refused. Ultimately, the Commission voted to withdraw recognition of Weirton Heights and Company No. 1 and require return of their emergency vehicle permits. By letters dated December 13, 2002, the State Fire Commission informed each of the Appellants that the Commission had "withdrawn [its] recognition of [their] organization as a fire department for operational purposes within the State of West Virginia effective 12 noon, December 13, 2002." The letters also required immediate return of all emergency vehicle permits in Appellants' possession.

Appellants appealed the State Fire Commission's decision to the Circuit Court of Hancock County. The circuit court noted the lack of an administrative record as would normally appear in an administrative appeal of a contested case.[7] Appellants argued the State Fire Commission did not have statutory or regulatory authority to withdraw their certification. Moreover, even if such authority existed, the absence of regulatory rules governing certification or the withdrawal thereof precluded the State Fire Commission's actions.[8] Additionally, Appellants ar-

note 4, *infra,* both the State Fire Marshall and the State Fire Commission used the term "recognition" in their respective recommendation and decision.

4. W. Va.Code § 29–3–9(e) (2003) gives the State Fire Commission the power, duty and authority to concur in the formation of any new fire department, including volunteer fire departments. This statutory provision also provides "the state fire commission *shall develop a method of certification* which can be applied to all fire departments and volunteer fire departments." W. Va. Code § 29–3–9(e) (2003). Although this statute was amended in 2003 to add subsection (i), subsection (e) was unchanged from the language in effect in 2002.

5. A "first run zone" is an area in which a particular fire department is deemed to be the first responder, primarily responsible for the extinguishment of fires within the zone.

6. The Hancock County Commission had forwarded the proposed maps to the State Fire Marshall by letter dated December 6, 2002. The

letter informed the State Fire Marshall of the Hancock County Commission's efforts to re-district fire service in Hancock County and requested Appellants' recognition be extended for one year pending finalization of the re-districting efforts.

7. No evidentiary record was created before the State Fire Commission. Pursuant to W. Va.Code § 29–3–18(c) (1976), a "party aggrieved by a final decision of the [S]tate [F]ire [C]ommission is entitled to judicial review as provided in the Administrative Procedures Act," W. Va.Code §§ 29A–1–1 *et seq.*

8. It is undisputed that, despite the mandates of W. Va.Code § 29–3–9(e) (2003), the State Fire Commission had not, prior to December 31, 2002, developed and enacted a method of certification which would provide fire departments notice for the criteria for certification or, arguably, the withdrawal thereof. It appears that such criteria have subsequently been developed and are in the process of regulatory approval. At the time of the State Fire Commission's withdrawal

gued that withdrawal of their certification and confiscation of their emergency vehicle permits crippled their ability to act and that the Fire Commission improperly shifted its obligation to establish run zones to them.[9]

In response, the State Fire Commission argued that its authority to withdraw certification is implicit in its enabling statute. Additionally, the State Fire Commission represented that the withdrawal of certification only affected Appellants' authority under W. Va.Code § 29–3A *et seq.*[10] and that they could still respond to calls when requested by another fire department for back up.

Ultimately, after hearings on January 13, 2004, and June 11, 2004, the circuit court entered an Order on September 14, 2004 finding "under the circumstances of this case, the Fire Commission has the authority to withdraw recognition of fire departments *for the purposes of controlling the exercise of the powers and authority provided under Article 3A, Chapter 29* of the West Virginia Code, §§ 29–3A–1 et seq." where there is no fixed area in which to exercise those powers.[11] The circuit court determined that the State Fire Commission's authority to withdraw certification where there is no fixed run zone was implicit in the statute "within the provisions of Article 3A, Chapter 29, [because] the powers provided therein can only be exercised by one, local authority within a territorial jurisdiction." Therefore, the circuit court affirmed the State Fire Commission's withdrawal of Appellants' certification, but limited the withdrawal to the ability to exercise the powers set forth in Article 3A, Chapter 29. The circuit court specifically recognized Appellants' ability to respond to fires when requested by other departments. Additionally, the circuit court reversed the State Fire Commission's revocation and voiding of the Appellants' emergency vehicle permits finding the same to be arbitrary and capricious as it crippled Appellants' ability to respond upon request.

Appellants timely appealed the circuit court's September 14, 2004 to this Court. We granted Appellants' petition by Order dated June 7, 2005. On appeal, Appellants reiterate their prior assignments of error regarding the State Fire Commission's December 13, 2002 decision and assert that they are still unable to act, despite the circuit court's September 14, 2004 partial reversal of the State Fire Commission's decision due to liability concerns. The State Fire Commission likewise reiterates its arguments presented to the circuit court and maintains the circuit court erred by not affirming its December 13, 2002 actions. After review of the limited record below and the arguments of the parties, we reverse both the State Fire Commission's December 13, 2002 actions and the circuit court's September 14, 2004 Order affirming, in part, and reversing, in part, the same.

## II.

### STANDARD OF REVIEW

Judicial review of an action undertaken by the State Fire Commission is gov-

---

of Appellants' recognition, it had on its website a list of thirteen (13) guidelines for certification, none of which involved "first run zones."

**9.** W. Va.Code § 29–3–9(f) (2003), provides, in pertinent part, "[t]he state fire commission shall develop a plan for fire prevention and control which shall include, but not be limited to, the following areas: Manpower needs; ... location of fire prevention and control units; ...; firefighting facilities; ...; location of public safety agencies; ...[.]" Likewise, W. Va.Code § 29–3–9(g) (2003) provides, in pertinent part, "[t]he state fire commission shall establish fire protection areas [.]"

**10.** This statute, entitled "Authority of Local Fire Departments" gives fire departments their authority to control a fire scene, including entering

and evacuating buildings, blocking public roads, and otherwise respond to emergency situations.

**11.** The circuit court orally announced its rulings at the January 13, 2004 hearing. A dispute arose between Appellants and the State Fire Commission over the wording of the written order, resulting in motions for clarification before the circuit court. Prior to the June 11, 2004 hearing, the City of Weirton submitted an *amicus* brief to the circuit court requesting that the State Fire Commission's decision be reversed as the City now sought the assistance of the Appellants in fighting fires within city limits. At the June 11, 2004 hearing, the circuit court recognized the City's interest in this matter, and reiterated its January 13, 2004 ruling. The September 14, 2004 Order is the memorialization of the circuit court's oral rulings.

erned by the Administrative Procedures Act, W. Va.Code §§ 29A–1–1 *et seq* .. W. Va. Code § 29–3–18(c) (1976). Upon review, "this Court is bound by the statutory standards contained in W. Va.Code § 29A–5–4[] and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, in part, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996). W. Va.Code § 29A–5–4(g) (1998) provides:

> the court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions, or order are:
>
> (1) In violation of constitutional or statutory provisions; or
>
> (2) In excess of the statutory authority or jurisdiction of the agency; or
>
> (3) Made upon unlawful procedures; or
>
> (4) Affected by other error of law; or
>
> (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
>
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*See also*, Syl. Pt. 2, *Shepherdstown Volunteer Fire Department v. State ex rel. State of West Virginia Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983). Where the circuit court has amended an administrative agency's decision on appeal, we review the circuit court's order and ultimate decision of the administrative appeal under an abuse of discretion standard, while continuing to review questions of law *de novo.* Syl. Pt. 2, *Muscatell.*

**12.** Appellee agrees that Appellants were, in essence, grandfathered in and were not required to apply for certification as a "new" fire department upon its creation.

**13.** Since its December 13, 2002 decision herein, the State Fire Commission has proposed rules

# III.

## DISCUSSION

Appellants' primary objection to the State Fire Commission's actions is that in the absence of established criteria for granting or withdrawing certification, the State Fire Commission did not have the authority to withdraw Appellant's certification. Similarly, Appellants maintain that the circuit court erred in affirming, in part, the State Fire Commission's withdrawal of certification. We agree.

For at least the past 60 years, Appellants have operated as volunteer fire departments in Brooke and Hancock Counties, including within Weirton city limits. Appellants were in existence well before the State Fire Commission was established in 1976 in an effort to improve fire protection and control throughout the State of West Virginia, and continued to operate until the State Fire Commission's December 13, 2002 decision.[12] *See*, W. Va.Code §§ 29–3–2, –3 (1976). Prior to 2002, there does not appear to have been a question regarding Appellants' certification. Although the State Fire Commission was legislatively charged with creation of a method of certification applicable to "all" fire departments, it had not done so through the administrative process prior to December 13, 2002.[13] Yet, the State Fire Commission revoked Appellants' certification without published and approved guidelines to determine whether the withdrawal of certification was appropriate.

A fundamental tenet of our system of justice is that where a governmental agency, such as the State Fire Commission, seeks to take away a privilege previously granted to a citizen, such as the privilege to fight fires, notice must be provided of the criteria which will guide the agency's determination. In the instant matter, the State Fire Commission had no express criteria for either granting or withdrawing

governing the certification of fire departments, including criteria for the grant, renewal and withdrawal of certification. The proposed rules are currently involved in the administrative rule approval process.

certification of a previously recognized and operating fire department. The State Fire Commission's actions in this matter in withdrawing Appellants' certification without providing Appellant's advance notice of the criteria which would guide its certification determination must therefore be deemed arbitrary, capricious and an abuse of discretion.[14] Accordingly, we hold that the State Fire Commission's withdrawal of certification (or recognition) of an existing volunteer fire department in the absence of duly promulgated rules or regulations setting forth the criteria used to guide the certification determination is deemed to be arbitrary, capricious and an abuse of discretion.

## IV.

### CONCLUSION

The State Fire Commission may not withdraw certification (or recognition) of an existing volunteer fire department in the absence of published rules or regulations setting forth the criteria governing its determination. Therefore, the State Fire Commission's December 13, 2002 decision withdrawing certification (or recognition) of Weirton Heights Volunteer Fire Department and Weirton Volunteer Fire Department Company No. 1 and requiring return of their emergency vehicle permits is reversed. Likewise, the Circuit Court of Hancock County's September 14, 2004 Order affirming, in part, and reversing, in part, the State Fire Commission's December 13, 2002 Orders is reversed.

REVERSED

Justice DAVIS concurs and reserves the right to file a concurring opinion.

DAVIS, J., concurring:

(Filed Dec. 6, 2005)

I fully concur with the majority's opinion in this case. I write separately to applaud the majority's appreciation of the dedication to the protection of our communities demonstrated by the volunteer fire departments involved in this case as well as its recognition of the authority vested in the State Fire Commission to promulgate rules and regulations to govern the provision of fire services to the citizens of this State.

First, I commend the Weirton Heights Volunteer Fire Department, Inc., and the Weirton Volunteer Fire Department Company No. 1, Inc., and the devotion they have shown to the communities which, for 63 years and 75 years respectively, they have faithfully protected. Although the litigation underlying the instant appeal has been long, protracted, and undoubtedly quite costly, it is with great admiration that I recognize the lengths to which these volunteers have gone to safeguard their ability to serve others.

Moreover, I appreciate the efforts undertaken by the State Fire Commission since the filing of the instant proceeding to remedy the deficit that heretofore existed in its rules and regulations involving the dissolution of volunteer fire departments. While such authority has clearly been vested with the Commission, it is only with clear and definite guidelines for the exercise of such power that volunteer fire departments may be put on proper notice of the proposed withdrawal of their certification.

Because the majority correctly addressed and resolved the issues in this case, I respectfully concur with the opinion of the Court.

---

**14.** The State Fire Commission was required to create a method of certification pursuant to W. Va.Code § 29–3–9(e). Where such statutory authorization and mandate exists, an expectation is created for persons seeking to establish or retain such certification that the criteria applicable to certification will be made known before action adverse to their interests is taken by the administrative agency. Thus, the administrative agency must go through the statutorily mandated rule-making process and make known the applicable criteria before taking action adverse to a previously certified entity.